1  JEFFREY H. GRANT (SBN 218974)
   JGrant@FoxRothschild.com
2  MATTHEW FOLLETT (SBN 325481)
   MFollett@FoxRothschild.com
3  FOX ROTHSCHILD LLP
   Constellation Place
4  10250 Constellation Boulevard
   Suite 900
5  Los Angeles, CA 90067
   Telephone:  310.598.4150
6  Facsimile:  310.556.9828

7  Attorneys for Plaintiff
   Lala Kent, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALA KENT, INC., a California corporation, | Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY DEMAND** |
| COSMESI, LLC, a corporation, | |
| Defendant. | |

COMPLAINT

Plaintiff Lala Kent, Inc. ("Plaintiff") by way of this Complaint against Defendant Cosmesi, LLC ("Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized under the laws of the State of California with a principal place of business located at 1801 Century Park East, Suite 2500, Los Angeles, California 90067. Plaintiff is the successor-in-interest to Lala Kent, LLC.

2. Plaintiff is the owner of the GIVE THEM LALA trademark, United States Patent and Trademark Office ("USPTO") Serial No. 88077734 (the "Trademark").

3. Defendant is a corporation that, on information and belief, is organized and headquartered in New Jersey.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This is a civil action arising under federal law, the Lanham Act of 1946 as amended (codified at 15 U.S.C. §§ 1051, *et seq.*). The pendent state law claims are so related to the federal claims that they form part of the same case or controversy pursuant to Article III of the United States Constitution. The court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

5. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. The Court has personal jurisdiction over Defendant because Defendant purposefully directed activities to a resident of this forum, and the claims arise out of or relate to those entities. Among other things, Defendant entered into a contract with Plaintiff, a California resident, sold products using Plaintiff's intellectual property including in the State of California, and misappropriated property located in the State of California.

7. Venue is proper in this judicial district. A substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

## INTRODUCTION

8. Plaintiff is the operating company of Lauren Burningham, professionally known as Lala Kent. Ms. Kent is a television celebrity, entrepreneur, business owner, model, brand ambassador, and social media influencer. Ms. Kent has been immensely successful in developing and promoting her own fashion, beauty, and other products, including under the GIVE THEM LALA mark. In addition to owning the GIVE THEM LALA mark, Plaintiff is the owner by assignment of Ms. Kent's publicity rights including her name, image, and likeness. Collectively, these rights will be hereinafter referred to as the LALA IP.

9. On or around December of 2019, Plaintiff (through its predecessor-in-interest) and Defendant entered into an agreement to develop, market, and sell cosmetics championed by Ms. Kent. Plaintiff and Defendant created Belle Vierge, LLC ("Belle Vierge") for this business venture. A copy of the operative Amended Restated Limited Company Operating Agreement of Belle Vierge, LLC ("Operating Agreement") is attached hereto as Exhibit A.

10. Pursuant to the Operating Agreement, Lala Kent agreed to be the brand ambassador and had the right to ensure that the products, promotional materials, marketing plans, and distribution channels were of high quality and reflected her personal brand. Defendant was expressly not permitted to manufacture, sell, or promote any products without Plaintiff's express written approval for any and all products developed, produced, or distributed in association with the LALA IP.

11. The Operating Agreement also included a provision in accordance with which Plaintiff licensed the LALA IP to Belle Vierge (the "Lala License").

12. Defendant agreed, in return, to oversee operations, importation, shopping, accounting, and all other financial and accounting responsibilities.

Defendant was also obliged to provide Plaintiff with an accounting that included sales, revenue, and cost figures.

## DEFENDANT'S BREACH AND
## THE MISAPPROPRIATION OF THE LALA IP

13. Defendant consistently failed to provide Plaintiff with the financial reporting required by the parties' written agreement.

14. Belle Vierge dissolved by operations of its terms on December 21, 2021.

15. The Operating Agreement required Defendant to wind down operations, sell through existing inventory, and provide Plaintiff with a full and complete accounting.

16. Plaintiff repeatedly provided Defendant with written notice of the termination of Belle Vierge and the Lala License.

17. Defendant refused to abide by its termination obligations under the Operating Agreement and continued to use the LALA IP to develop, market, and sell product.

18. In good faith attempts to avoid litigation, Plaintiff made many attempts to secure Defendant's compliance with its contractual obligations. Plaintiff, by and through its counsel and CEO, notified Defendant of its contractual responsibilities in letters dated May 31, 2023, December 15, 2023, and March 6, 2024.

19. In late 2023 and early 2024, Defendant represented that it would abide by its contractual commitments, sell off existing inventory, and dissolve Bella Viergre.

20. Defendant ultimately refused to live up to its promises to cease sales.

21. Incredibly, on or around July 30, 2024, without Plaintiff's consent Cosmesi introduced a new product branded with LALA IP. Specifically, Defendant introduced a new MATTE AND MOISTURE LIP WAND product ("Unlicensed Product") in connection with the Give Them Lala brand. The Unlicensed Product is listed for sale on the website www.givethemlala.com and marketed on Instagram under the @givethemlalabeauty account.

22. The introduction of a new product constitutes a breach of the license agreement and a gross intentional misappropriation of Plaintiff's intellectual property.

23. Any and all rights that Defendant had under the Lala License expired long before Defendant released the Unlicensed Product.

24. The Unlicensed Product would constitute intellectual property theft, even if the Lala License had not expired (which it did). Section 3(c)(4) of the Business Plan limits the Lala License to products expressly authorized by Plaintiff:

> Company shall not manufacture, sell, distribute or promote any Products or materials utilizing the LALA IP without LalaCo's prior written approval as to the Products, the promotional materials, marketing plans, and distribution channels.

25. Plaintiff did not provide prior written approval for the sale or marketing of the Unlicensed Product. Indeed, Plaintiff was not even notified that the Unlicensed Product was distributed. Plaintiff first learned of the Unlicensed Product with the general public after it was advertised by Defendant on the @givethemlalabeauty Instagram account.

26. Defendant's continued use of the LALA IP and its failure to provide financial reporting constitutes a breach of the Operating Agreement and a violation of state and federal law.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

27. Plaintiff incorporates and realleges by reference the allegations of the paragraphs set forth above as though full set forth herein.

28. Plaintiff and Defendant are parties to the Operating Agreement.

29. Plaintiff has performed all obligations required of it under the Agreement.

30. Defendant has materially breached the Agreement by failing to provide financial reporting and by continuing to use the LALA IP subsequent to the termination of the Lala License.

31. As a direct and proximate result of Defendant's breach and continuing breach, Plaintiff has suffered, and continues to suffer great irreparable injury and damage, in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF

(Trademark Infringement under Lanham Act § 32)

32. Plaintiff incorporates and realleges by reference the allegations of the paragraphs set forth above as though full set forth herein.

33. Defendant's wrongful use of the GIVE THEM LALA mark comprises an infringement of Plaintiff's registered trademark GIVE THEM LALA and is likely to cause confusion, mistake, and deception of the public as to the identity. Such use by Defendant of the infringing GIVE THEM LALA mark deceives, and is likely to deceive, others into believing that Defendant's products are sponsored by, approved by, or affiliated with Plaintiff, devalues the GIVE THEM LALA, and therefore constitutes trademark infringement in violation of the Lanham Act, § 32, 15 U.S.C. § 1114.

34. Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendant have damaged and will continue to damage Plaintiff's rights, reputation, and goodwill. Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the pendency of this action and thereafter.

35. Plaintiff is informed and believes, and based thereon allege, that Defendant has committed the infringement described above knowing that its unauthorized use of the registered trademark is likely to cause consumer confusion. Defendant has thus willfully, knowingly, and maliciously deceived and confused the

relevant consuming public, such that Plaintiff is entitled to an award of treble damages.

36. Defendant's actions have further caused and will continue to cause irreparable injury to Plaintiff that cannot be remedied by an award of monetary damages alone. Plaintiff is therefore entitled to preliminary and permanent injunctive relief preventing the continuing infringement of their trademark rights.

37. Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

(Violation of Statutory Right of Publicity Cal. Civ. Code § 3344)

38. Plaintiff incorporates and realleges by reference the allegations of the paragraphs set forth above as though full set forth herein.

39. Plaintiff is the owner of all rights of publicity in Lala Kent's name, image, likeness, and persona.

40. Defendant has willfully and without authorization used Lala Kent's name, image, likeness, and persona for commercial purposes, to advertise the cosmetics and sell cosmetics.

41. Defendant's unauthorized use of Lala Kent's name, image, likeness, and persona constitutes a commercial misappropriation in violation of Section 3344 of the California Civil Code

42. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.

43. Defendant has further been unjustly enriched by its misappropriation of Lala Kent's statutory right of publicity. Accordingly, Plaintiff is entitled to restitution of all income, profits, and other benefits resulting from Defendant's conduct, in an amount to be determined according to proof at trial.

44. Defendant's actions as alleged above were malicious, oppressive, and

fraudulent, and done with the intent to injure Plaintiff and with a willful and conscious disregard for Plaintiff's rights.  As a result, Plaintiff is entitled to recover from Defendant punitive and exemplary damages in an amount sufficient to punish and deter it and others from engaging in such acts in the future.

45.   Defendant's actions have further caused and will continue to cause irreparable injury to Plaintiff that cannot be remedied by an award of monetary damages alone.  Plaintiff is therefore entitled to preliminary and permanent injunctive relief preventing the continuing infringement of their rights of publicity.

## FORTH CLAIM FOR RELIEF
### (Violation of Common Law Right of Publicity)

46.   Plaintiff incorporates and realleges by reference the allegations of the paragraphs set forth above as though full set forth herein.

47.   Plaintiff is the owner of all rights of publicity in Lala Kent's name, image, likeness, and persona.

48.   Defendant has willfully and without authorization used Lala Kent's name, image, likeness, and persona for commercial purposes, to advertise the cosmetics and sell cosmetics.

49.   Defendant's unauthorized use of Lala Kent's name, image, likeness, and persona constitutes a commercial misappropriation in violation California's common law right of publicity.

50.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.

51.   Defendant has further been unjustly enriched by its misappropriation of Lala Kent's statutory right of publicity.  Accordingly, Plaintiff is entitled to restitution of all income, profits, and other benefits resulting from Defendant's conduct, in an amount to be determined according to proof at trial.

52.   Defendant's actions as alleged above were malicious, oppressive, and

1  fraudulent, and done with the intent to injure Plaintiff and with a willful and conscious
2  disregard for Plaintiff's rights.  As a result, Plaintiff is entitled to recover from
3  Defendant punitive and exemplary damages in an amount sufficient to punish and
4  deter it and others from engaging in such acts in the future.

5  53. Defendant's actions have further caused and will continue to cause
6  irreparable injury to Plaintiff that cannot be remedied by an award of monetary
7  damages alone.  Plaintiff is therefore entitled to preliminary and permanent injunctive
8  relief preventing the continuing infringement of their rights of publicity.

## FIFTH CLAIM FOR RELIEF

(Unfair Business Practices – California Business and Professions Code § 17200, *et seq.*)

Against All Defendants

54. Plaintiff incorporates and realleges by reference the allegations of the paragraphs set forth above as though full set forth herein.

55. The acts of Defendants described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code §§ 17200, *et seq.*

56. The above-described acts and practices by Defendant are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

57. The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. The unlawful and fraudulent business practices of Defendant's described above present a continuing threat to, and is meant to deceive members of, the public in that Defendant continued sales wrongfully trade on the goodwill of Plaintiff and Lala Kent.

59. As a direct and proximate result of these acts, Defendant has received, and will continue to profit from, Plaintiff's intellectual property and good will.

60. As a direct and proximate result of Defendants' wrongful acts, Plaintiff

has been injured in fact and has lost money, profits, and goodwill, and such harm will continue unless Defendant's acts are enjoined by the Court. Plaintiff has no adequate remedy at law for Defendant's continuing violations of Plaintiff's rights.

61. Defendant should be required to restore to Plaintiff any and all profits earned as a result of its unlawful and fraudulent actions, or provide Plaintiff with any other restitutionary relief as the Court deems appropriate.

## SIXTH CLAIM FOR RELIEF

(Unjust Enrichment)

62. Plaintiff incorporates and realleges by reference the allegations of the paragraphs set forth above as though full set forth herein.

63. As a result of the conduct alleged herein, Defendant has been unjustly enriched to Plaintiff's detriment. Plaintiff seeks an accounting and disgorgement of all ill-gotten gains and profits resulting from Defendant's inequitable activities.

## SEVENTH CLAIM FOR RELIEF

(Accounting)

64. Plaintiff incorporates and realleges by reference the allegations of the paragraphs set forth above as though full set forth herein.

65. A relationship exists between Plaintiff and Defendant that requires Defendant to provide an accounting.

66. On information and belief, a balance is owed Plaintiff, which can only be ascertained with an accounting.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. An award of compensatory and treble damages in an amount to be proven at trial;

B. The disgorgement of Defendant's profits attributable to the infringement of Plaintiff's intellectual property including the rights of publicity;

C. An award of punitive damages in an amount sufficient to deter unlawful conduct by Defendant in the future;

    D.    A preliminary and permanent injunction restraining and enjoining Defendant from using the LALA LP and/or Lala Kent's name, images, likeness, persona, and trademarks;

    E.    For pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law;

    F.    For attorneys' fees and costs; and

    G.    For such other and further relief as the Court may deem just and proper.

Dated: September 10, 2024    FOX ROTHSCHILD LLP

By  */s/ Jeff Grant*
Jeff Grant
Matthew Follet
Attorneys for Plaintiff
Lala Kent, Inc

## **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 10, 2024    FOX ROTHSCHILD LLP

By  */s/ Jeff Grant*
Jeff Grant
Matthew Follet
Attorneys for Plaintiff
Lala Kent, Inc.